Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CASEY BLOTZER, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br>v.<br><br>**AVAIL, LLC,**<br><br>**Defendant.** | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. CASEY BLOTZER ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AVAIL, LLC ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b).

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Orange, State of California as not only does Defendant regularly conduct business throughout the State of California, but Plaintiff resides within the County of Orange within the State of California.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose State of incorporation is the State of Washington. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Orange, and within this judicial district.

///

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Defendant is, and at all times mentioned herein was, a Corporation and a "person," as defined by 47 U.S.C. § 153 (39).

9. At all times relevant Defendant conducted business in the State of California and in the County of Orange, within this judicial district.

10. On or around August 29, 2014, at 11:48 p.m. PST, Defendant placed a solicitation call to Plaintiff's cellular telephone from telephone number (714) 529-5687.

11. Defendant is a provider of local SEO services to promote businesses online, and was attempting to sell Plaintiff said services and to update her business listing in a local directory.

12. On at least one occasion, Defendant instructed Plaintiff to return its phone call at (855)932-8245.

13. Plaintiff neither provided Defendant with her cellular telephone number, nor gave Defendant permission to call it.

14. The calls Defendant placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

15. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

16. The telephone number that Defendant, or its agents, called was assigned to cellular telephone services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

17. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

18. Plaintiff has never provided any personal information, including her cellular telephone number to Defendant for any purpose. As such, neither Defendant nor its agents were provided with prior express consent to place calls via its ATDS to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

19. These telephone calls by Defendant, or its agents, violated 47 U.S.C. §227(b)(1).

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

21. Plaintiff represents, and is a member of, the Class, consisting of All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.
25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.
26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:
    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls to the Class (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;
    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.
27. As a person that received numerous calls from Defendant via an automated telephone dialing system, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

28. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

35. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 et seq.

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(C).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

40. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

41. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

42. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(C).

44. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

45. Any other relief the Court may deem just and proper.

### Trial By Jury

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 31, 2015        Respectfully submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: /S/ TODD M. FRIEDMAN
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF